UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALEA HERRING,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant. | Case No. 3:24-cv-05917-TMC<br><br>ORDER ON PENDING MOTIONS |

## I. INTRODUCTION AND BACKGROUND

Plaintiff Alea Herring first filed a complaint against Defendants Experian Information Solutions, Inc. and IQ Data International, Inc. on November 4, 2024. Dkt. 4. In her complaint, Ms. Herring alleges that Defendants have violated the Fair Credit Reporting Act (FCRA). Dkt. 4 at 1–5. She argues that Defendants have refused to remove inaccurate information from her credit report. *Id.* at 2. Ms. Herring asks the Court to direct Defendants to correct these inaccuracies and pay her statutory damages. *Id.* at 5.

Since first filing her complaint, Ms. Herring has amended her complaint three times. Dkt. 14; Dkt. 15; Dkt. 17. She has also filed several other motions. Dkt. 8; Dkt. 9; Dkt. 11; Dkt. 12; Dkt. 13; Dkt. 16; Dkt. 18; Dkt. 19. She has moved for leave to add attachments to her complaint, Dkt. 8, Dkt. 13, to amend her complaint, Dkt. 11, and for default judgment, Dkt. 16,

Dkt. 18, Dkt. 19. The Court has reviewed the briefing for each of these motions. The motions are ripe for the Court's consideration.

As explained below, these motions all contain errors that prevent the Court from granting them. Some of these errors, however, can be corrected. For this reason, all the motions (Dkt 8; Dkt. 9; Dkt. 11; Dkt. 12; Dkt. 13; Dkt. 16; Dkt. 18; Dkt. 19) are DENIED without prejudice. The Court will GRANT Ms. Herring 30 days to amend her complaint. The amended complaint should include all Defendants she plans to name and attach any necessary exhibits. The deadline is January 17, 2025. After amending her complaint—or if she chooses to proceed using the current complaint filed at Docket 17—Ms. Herring must submit proposed summonses with the necessary information and in the proper format, so that she can serve the Defendants with the complaint and summons and proceed with her lawsuit.

## II. DISCUSSION

The Court must liberally construe filings by pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed.'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986).

Thus, pro se plaintiffs must become familiar with, and follow, the Federal Rules of Civil Procedure and the Local Civil Rules for the United States District Court for the Western District of Washington. *See Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022) ("[P]ro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants.") (internal citations omitted); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) (Pro se litigants "should not be treated more favorably than parties with attorneys of record"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates.").

All of Ms. Herring's pending motions must be denied because they do not follow the Federal Rules of Civil Procedure. The reasoning for each is explained below.

**A. Docket 8 and Docket 9**

The Court first turns to Ms. Herring's motions at Docket 8 and Docket 9. Ms. Herring filed Docket 8 on November 7, 2024. Docket 8 is a motion to add attachments. Ms. Herring asks to "add an additional exhibit and an affidavit to the record[.]" Dkt. 8 at 1.

Ms. Herring filed Docket 9 on November 11, 2024. The motion provides further explanation of her FCRA claims and details her attempts to send notifications to Defendants by certified mail. Dkt. 9 at 3.

On November 13, the Court responded to the two motions. Dkt. 10 at 1. The Court explained that the motions contained a "filing deficiency" because Ms. Herring had not signed the motions as required by Federal Rule of Civil Procedure 11. *Id.* The Court directed Ms. Herring to "file a corrected signature page as soon as practicable." *Id.* Ms. Herring never submitted a corrected signature page.

As discussed above, pro se plaintiffs must still comply with the Federal Rules of Civil Procedure and the Local Civil Rules. *See Jacobsen*, 790 F.2d at 1364. Because Ms. Herring did not file a corrected signature page, the filings do not comply with the rules. For this reason, these motions are DENIED. If Ms. Herring decides to file an amended complaint, she may still submit the attachments discussed in Docket 8. Ms. Herring can also include the updated FCRA claims discussed in Docket 9. As discussed more below, her attempts at service do not comply with the rules, but this too may be fixed.

**B. Docket 11**

Ms. Herring filed a "Second Motion to Amend Demand" on November 3, 2024. Dkt. 11. The motion updates Ms. Herring's demand for damages based on the alleged FCRA violations.

*Id.* at 2. After filing this motion, Ms. Herring amended her complaint three times. *See* Dkt. 14; Dkt. 15; Dkt. 17.

An amended complaint replaces the original complaint. *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (internal citation omitted). The first complaint is then treated "as non-existent." *Martinez v. Pierce Cnty.*, No. C22-5919RSL, 2023 WL 3722220, at *1 (W.D. Wash. May 30, 2023) (citing *Ramirez*, 806 F.3d at 1008). As a result, the motion to amend Ms. Herring's demand for damages is no longer necessary. The motion would amend the first complaint, but the Court no longer looks to that complaint. The Court instead looks to the most recently filed complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) ("[A]n amended complaint supersedes the original complaint and renders it without legal effect."). Here, that is the complaint filed at Docket 17. If Ms. Herring decides to submit one final amended complaint, that complaint will become the "operative" complaint. *See Martinez*, 2023 WL 3722220, at *1.

For this reason, the motion at Docket 11 is DENIED. If Ms. Herring decides to file another complaint, she should include her damages claim in that complaint.

**C. Docket 13**

At Docket 13, Ms. Herring moves to add an exhibit to the record. *See* Dkt. 31-1. The exhibit shows email correspondence from Defendant describing its dispute resolution process. She explains in the motion that she has already completed the dispute process outlined in the email. *Id.* at 1.

Ms. Herring filed this motion on November 14, 2024. *Id.* After filing the motion, she amended her complaint, as discussed above. *See* Dkt. 14, Dkt. 15, Dkt. 17. Because Ms. Herring has amended her complaint, the motion now tries to add an exhibit to a complaint that no longer

"exists." *See Ramirez*, 806 F.3d at 1008. Thus, the motion is DENIED. If Ms. Herring decides to file another complaint, she may include this exhibit as an attachment to her complaint.

Generally, Ms. Herring is not required to include exhibits with her complaint, nor is she required to amend her complaint each time she has a new piece of evidence. Her complaint must describe the facts that she believes show Defendants broke the law, but she may use exhibits later in the case to support her claims without attaching them to her complaint. For example, she can attach exhibits when responding to any motions Defendants may make. But until such motions are filed, Ms. Herring does not need to file attachments or exhibits on the docket separate from those included with her complaint.

**D. Dockets 12, 16, 18, and 19**

Ms. Herrings' remaining motions—Dockets 12, 16, 18, and 19—all request that the Court enter default judgment against Defendants. To secure a default judgment, a plaintiff must follow a two-step process. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, they must ask the clerk to enter default. *Wells El v. Navy Fed. Credit Union*, No. C23-1408-JCC, 2023 WL 7305161, at *1 (W.D. Wash. Oct. 23, 2023) (citing *Eitel*, 782 F.2d at 1471). Second, they must move for a judgment on that default. *Id.* "As a preliminary matter, though, the plaintiff must show by affidavit proper service on the defaulting defendant, through summons with an attached complaint." *Id.* (first citing LCR 55(a), (b)(1); and then citing *Joe Hand Promotions, Inc. v. Talayarathe*, No. 11-2554-SC, 2012 WL 1815622, at 2 (N.D. Cal. 2012)). That is because "in the absence of proper service of process, the district court has no power to render any judgment against the defendant . . . ." *SEC v. Ross*, 504 F.3d 1130, 1138–39 (9th Cir. 2007).

Ms. Herring has not met the requirements of this preliminary step. She has not properly served Defendants or requested that the Court complete service for her. Rule 4 of the Federal

Rules of Civil Procedure governs service of process. Local Civil Rules 4 and 5 provide more guidance.

The plaintiff "is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). "Any person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2).

Defendants are both corporations. To properly serve a corporation, a plaintiff has options. She can arrange for service on the defendant as an "individual" under Rule 4(e). Fed. R. Civ. P. 4(h)(1)(A). This includes three options:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2).

Alternatively, a plaintiff may serve a corporate defendant under a special procedure for private companies. Fed. R. Civ. P. 4(h). Then, the plaintiff must arrange for someone to complete service by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service or process[.]" Fed. R. Civ. P. 4(h)(1)(B). Alternatively, the plaintiff may "follow[ ] [the] state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(h)(1)(A); *see also* Fed. R. Civ. P. 4(e)(1).

Rule 4(h) "requires personal service on someone at the corporation, and service by mail to a general corporate address is not sufficient." *Atanda v. Norgren (IMI Precision Eng'g)*, 2021

WL 2805322, slip op. at 2 (W.D. Wash. 2021). "Similarly, Washington law provides for personal service, unless circumstances justify service by publication, or an applicable statute or court order provides for service by other means." *See Wells El*, 2023 WL 7305161, at *1 (citing Wash. Civ. R. 4(e); RCW 4.28.080 (personal service statute); RCW 4.28.100 (service by publication statute); RCW 4.22.090 (service on corporation without officer in state); RCW 4.28.180 (personal service for out-of-state defendant)).

Though Ms. Herring has attempted service, the service and summons do not comply with the rules for several reasons. First, the Court never issued a summons. Ms. Herring submitted a proposed summons with her motion to proceed *in forma pauperis*. Dkt. 1-4. Ms. Herring did not include the required information for the summons. Under Local Civil Rule 4(a), "[i]t is the obligation of a party seeking the issuance of a summons by the clerk to present the summons to the clerk in the proper form, prepared for issuance, with sufficient copies for service." Under Federal Rule of Civil Procedure 4(a), the summons must:

> (A) name the court and the parties;
>
> (B) be directed to the defendant;
>
> (C) state the name and address of the plaintiff's attorney or—if unrepresented—of the plaintiff;
>
> (D) state the time within which the defendant must appear and defend;
>
> (E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint;
>
> (F) be signed by the clerk; and
>
> (G) bear the court's seal.

Federal Rule of Civil Procedure 4(b) provides more guidance: "On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed," the clerk will then "sign, seal, and issue it to the plaintiff for service on the defendant." Ms. Herring never submitted the correct information to the Court to

receive the summons, so she never received a summons to serve on Defendants. *See* Dkt. 6. Ms. Herring also did not use the appropriate form. *See id.*

Second, even if Ms. Herring had received the summons, service would not be completed under Rule 4. As noted above, there are specific rules for serving corporate defendants. Fed. R. Civ. P. 4(h). Though Ms. Herring has attested that she sent the proposed summons and complaint to Defendants by certified mail, this is not enough to comply with Federal Rule of Civil Procedure 4(h). Dkt. 16 at 1–2. Certified mail is not a proper service method for private corporations, like Defendant Experian.

As explained above, the Court is granting Ms. Herring 30 days to amend her complaint, so that she may include any Defendants she wishes to name and any exhibits or information she believes support her claims. After Ms. Herring does so, she may then also submit the necessary information in a proposed summons to the Court. The summons must contain the required information and be in the proper format. The forms may be found at https://www.wawd.uscourts.gov/court-forms.

If Ms. Herring chooses not to amend her complaint, she must still submit a proposed summons to the Court. The summons must include the necessary information, which is most easily done by using the form at the link above. Because the operative complaint is the amended complaint at Dkt. 17, Ms. Herring will have 90 days from November 22, 2024, the date that the complaint was filed, to serve Defendant Experian. Fed. R. Civ. P. 4(m).[1]

[1] Defendant Experian is the only Defendant named in that complaint. *See* Dkt. 17 at 1. If Ms. Herring would like to bring Defendant IQ Data International back into the case, she must amend her complaint a final time.

After receiving the summons from the Court, Ms. Herring may serve Defendant with the complaint and summons. The service must comply with the requirements of Federal Rule of Civil Procedure 4(h).

If that is not possible, Ms. Herring has another option. Ms. Herring applied to proceed *in forma pauperis*. Dkt. 1. This motion was granted. Dkt. 3. "In cases involving a plaintiff proceeding *in forma pauperis*, a United States Marshal, upon order of the court, may serve the summons and complaint." *Marks v. Does*, No. C09-5489 RJB/KLS, 2010 WL 5590859, at *1 (W.D. Wash. Dec. 13, 2010), report and recommendation rejected, No. C09-5489RJB/KLS, 2011 WL 148850 (W.D. Wash. Jan. 18, 2011) (citing Fed. R. Civ. P. 4(c)(2)). In that case, the Court, through the United States Marshals Service, will send out the necessary information to Defendants. If Ms. Herring would like the Court to complete service for her under this rule, she should make that request when she submits her proposed summonses.

Once the complaint and summons are properly served, Defendants will be given the necessary time to respond. After that time, if Defendants have still failed to appear, Ms. Herring may again move for default. Until that time, the Court cannot enter default, or grant default judgment, against the Defendants. For this reason, the motions are DENIED.

## III. CONCLUSION

For these reasons, Dkt. 8, Dkt. 9, Dkt. 11, Dkt. 13, Dkt. 12, Dkt. 16, Dkt. 18, and Dkt. 19 are DENIED without prejudice. Plaintiff has until January 17, 2025 to amend her complaint, including all Defendants she intends to name and including any exhibits she finds necessary. Plaintiff must also submit her proposed summons for each Defendant with the required information and in the proper format, so that she can complete service within 90 days of filing her complaint. The forms may be found at https://www.wawd.uscourts.gov/court-forms.

The Federal Rules of Civil Procedure and the Local Civil Rules are available at the Court's website: https://www.wawd.uscourts.gov/local-rules-and-orders.

The Court also encourages Ms. Herring to review this District's resources for pro se litigants, available at https://www.wawd.uscourts.gov/representing-yourself-pro-se, including the Federal Bar Association's civil rights legal clinic, with more information available at https://www.kcba.org/?pg=Neighborhood-Legal-Clinics.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 18th day of December, 2024.

Tiffany M. Cartwright
United States District Judge